In re STEGAR.

(District Court, N. D. Alabama, N. D. January 23, 1902.)

BANKRUPTCY—RIGHT TO FILE VOLUNTARY PETITION—PENDENCY OF INVOLUNTARY PROCEEDING.

The filing of a petition in involuntary bankruptcy by creditors, upon which no action has been taken and to which the defendant has not appeared, does not debar him from his right to thereafter file a voluntary petition, the two being in different rights; and in such case the adjudication will be made in the voluntary proceedings, but the rights of the petitioning creditors will be protected by staying their proceeding, permitting them to prove their costs and expenses against the estate, and reserving to them the right to bring forward their petition if subsequently found necessary to protect rights which cannot be saved in the voluntary proceedings. The right will further be reserved to creditors to prove their claims and receive dividends in the voluntary proceedings, without prejudice to their rights under the creditors' petition should further proceedings be taken thereon, all such orders being within the equity powers of the court.

In Bankruptcy. On question certified by referee.

On the 11th day of January, 1902, J. A. Anderson & Co. et al. filed a petition in bankruptcy against Reuben Stegar. A subpœna was issued, but not served. Three days afterwards, Stegar, not having appeared in the involuntary proceeding, filed a voluntary petition, which, in the absence of the judge in the Middle district, was referred to the referee for adjudication. When the matter came on to be heard, the petitioning creditors pleaded the pendency of the prior involuntary proceeding in abatement of the subsequent voluntary proceeding, and insisted that the referee make an order accordingly. Stegar insisted, on the other hand, that the referee proceed to an adjudication upon his voluntary petition. The referee certified the case for instructions.

Cooper & Foster, for petitioning creditors.
James Pride, for respondent.

JONES, District Judge. The object of the law in giving a creditor the right to force his insolvent debtor into bankruptcy is to compel the just distribution of the insolvent's estate among creditors. If the petitioning creditors obtain this result, they cannot complain, so long as their rights are fully protected, that the distribution, instead of

being effected on the creditor's petition, is accomplished upon the voluntary petition of the debtor. Ordinarily, adjudication on the debtor's own petition is the better mode, since it is quicker, less expensive, and less likely to lead to delay and unnecessary litigation.

Why, then, in this case, should not the cost and delay of litigation upon the prior involuntary proceeding be avoided by adjudication, which follows as matter of course under the voluntary petition? Nothing, so far as now appears, would be gained by adjudication on the involuntary proceeding, which could not be had on an adjudication under the voluntary petition; while the estate, if administered under the involuntary proceeding, will be burdened by cost, expense, and useless litigation, which would be avoided if adjudication passed on the voluntary proceeding. On the other hand, if the involuntary petition be defeated, nothing will be effected except profitless litigation and delay, and, it may be, damage to creditors. Manifestly, therefore, it is not to the advantage of creditors to press the involuntary proceeding further, unless it should become necessary to enforce some right which could not be saved under adjudication on the voluntary petition.

Creditors, by commencing the involuntary proceeding, incur liability for costs and attorneys' fees, and, if the petition be wrongfully filed, for damages. They also get in position to avoid preferences and transfers which might not be assailable on the adjudication under the later voluntary petition. The court cannot deprive petitioning creditors of these rights, or enlarge their liabilities, by dismissing the prior involuntary proceeding in order to administer the estate under the voluntary petition. How, then, are the rights of petitioning creditors to be saved, if they are not allowed to proceed, and the administration of the insolvent estate is had under the insolvent's voluntary petition, subsequently filed?

A debtor who, without appearing in an involuntary proceeding, subsequently files a voluntary petition, upon which he is adjudged a bankrupt, cannot complain of the filing of the involuntary petition. The court would never dismiss the creditor's petition under such circumstances; and unless the petition were dismissed, or petitioners withdrew it, there could not, under the plain terms of the bankrupt act, be any liability to the defendant. This liability out of the way, it would remain to save the creditors harmless as to costs and attorneys' fees. This is easily effected by directing an adjudication on the voluntary proceeding, staying the involuntary proceeding in the meanwhile, reserving to petitioning creditors the right to prove their costs and expenditures under the adjudication on the voluntary petition, with leave to bring forward the involuntary petition if subsequently it be found necessary to protect rights which could not be saved by adjudication under the voluntary petition. Such a decree, with further leave to creditors to prove their claims under the adjudication on the earlier involuntary proceeding, if it became necessary to bring it forward, notwithstanding such claims may have been proved, or dividends have been accepted, in the proceedings on the voluntary petition, would amply secure every possible right of the petitioning creditors.

Of the power of the court of bankruptcy to make such decrees

there can be no doubt. Its power to mold its decrees upon the two petitions is as broad and flexible as that of a court of equity, if the petitions were pending there. There might, of course, be cases where a debtor, after going so far as to begin the trial of the issue on an involuntary petition, would properly be held to waive his right subsequently to file, or to proceed upon, his voluntary petition, until the involuntary proceeding has been tried and determined. Ordinarily, however, it is true that the debtor has the right to avail himself of the benefits of the bankrupt law on his own petition, and that this right cannot be forfeited or rendered ineffectual merely because the creditors' petition is first filed and pending undetermined when the debtor files his petition. A debtor has the undoubted legal right to contest the involuntary proceeding, which must necessarily be based upon some violation of the act, of which the debtor may not be guilty, and is therefore unwilling to be adjudged guilty, although desirous to have his estate distributed among creditors on his own petition. The debtor is not bound to postpone this right because of the involuntary proceeding, and may, unless he has waived the right, push his own proceeding, and at the same time contest the creditors' proceeding. A voluntary and involuntary petition are filed in different rights, and based on different grounds, though the effect of the adjudication may be the same in each proceeding. The two petitions not being filed in the same right, nor based on the same cause, and an adverse judgment to the petitioning creditors being no bar to an adjudication on the voluntary proceeding, the mere pendency of a prior involuntary petition, upon which there has been neither hearing nor adjudication, is not ground for abatement of the subsequent voluntary petition. The decisions, discussing the proper practice in cases like this, are not full, and are in conflict. The weight of authority supports the practice I have outlined, which, on business considerations, commends itself to courts of bankruptcy in the administration of estates.

The following order will be entered: On consideration of the case certified herein by the referee, it is ordered and adjudged as follows: (1) The referee will proceed to adjudicate Reuben Stegar a bankrupt on his own petition, and administer the estate thereunder as required by law. (2) Until the further order of the court, all proceedings will be stayed upon the petition filed by J. A. Anderson & Co. et al. on the 11th day of January, 1902, except service of subpœna upon the alleged bankrupt. (3) The adjudication of bankruptcy against Reuben Stegar on his own petition shall not prejudice any right obtained by petitioning creditors by the filing of their prior petition, and they may apply, at any time after the adjudication on the bankrupt's own petition, to bring forward their petition, if found necessary to protect rights of creditors which cannot be saved under the adjudication on the voluntary petition. (4) The proving of claims, or acceptance of dividends, under the adjudication upon the bankrupt's voluntary petition, shall not be deemed a bar or waiver of the right of creditors to prove their claims under an adjudication on the involuntary petition, if such should be made; and petitioning creditors may prove against, and be allowed out of, the assets of the bankrupt, under the administration upon his voluntary petition, their reasonable costs and

fees in this behalf expended; and to that end the two petitions may be consolidated and treated as one proceeding, if it become necessary in the further progress of this matter.