In re LACHENMAIER.

GERMANIA NAT. BANK OF MILWAUKEE v. LACHENMAIER.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1913.)

No. 1,906.

1. BANKRUPTCY (§ 51*)—VOLUNTARY AND INVOLUNTARY PROCEEDINGS.
    Where, after the institution of an involuntary bankruptcy proceeding, the bankrupt filed a voluntary application for adjudication, under which he was adjudged a bankrupt and his estate settled, the proceedings taken in the voluntary proceeding could not be attributed to the involuntary proceeding.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 49; Dec. Dig. § 51.*]

2. BANKRUPTCY (§§ 44, 81*)—PROCEEDINGS—VOLUNTARY AND INVOLUNTARY.
    In an involuntary petition in bankruptcy, the creditors must allege, in addition to jurisdictional facts, that the defendant is insolvent, and has committed an act of bankruptcy within the preceding four months, while a voluntary petitioner need only aver that he owes debts which he is unable to meet and that he desires to take the benefits of the bankruptcy act; he not being required to admit that he is insolvent, or that he has committed any act of bankruptcy.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 43–46, 59, 113–118, 125; Dec. Dig. §§ 44, 81.*]

3. BANKRUPTCY (§ 99*)—DISCHARGE—RES JUDICATA—INVOLUNTARY PROCEEDING—DISMISSAL.
    If an alleged bankrupt resists an involuntary proceeding, a judgment of dismissal is not res judicata of the right of the bankruptcy court to administer his estate, and is not a bar to a voluntary proceeding which is founded on a different right.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 136, 146; Dec. Dig. § 99.*]

4. BANKRUPTCY (§ 47*)—NATURE OF PROCEEDING—INVOLUNTARY PETITION—PENDENCY—EFFECT.
    Mere pendency of an involuntary bankruptcy petition does not deprive the court of jurisdiction to receive and consider a voluntary petition.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 165–183, 257; Dec. Dig. § 47.*]

5. BANKRUPTCY (§ 100*)—VOLUNTARY PETITION—PENDING INVOLUNTARY PROCEEDING.
    The filing of a voluntary petition in bankruptcy cannot be made a lawful basis for entering an adjudication or taking any other step in a pending involuntary proceeding.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. § 100.*]

6. BANKRUPTCY (§ 49*)—INVOLUNTARY PETITION—VOLUNTARY PROCEEDINGS.
    It is only where, by reason of the time elapsed between the filing of an involuntary bankruptcy petition and the filing of a voluntary petition, creditors, through the trustee, might not be able to recover property and avoid preferences, that the court will suspend the voluntary petition or set aside proceedings based thereon in order that the involuntary proceeding might be expedited.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 49.*]

Appeal from the District Court of the United States for the Eastern District of Wisconsin; Arthur L. Sanborn, Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of bankruptcy proceedings of Fred Lachenmaier. From an order granting the bankrupt a discharge, the Germania National Bank of Milwaukee appeals. Reversed and remanded.

Emil J. Gehrz, W. H. Austin, and Gustave G. Gehrz, all of Milwaukee, Wis., for appellant.

David E. Johnson, of Milwaukee, Wis., for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. An objecting creditor appeals from an order granting the bankrupt a discharge. Objection was under section 14b (5) (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]) that within six years the bankrupt had been granted a discharge in voluntary proceedings.

Whether steps in the prior proceedings were taken in fact (apart from the legal effect of the steps) on a voluntary or on an involuntary petition is readily determined by the record.

February 7, 1910, at 10 a. m., three creditors filed their petition in an involuntary proceeding against Lachenmaier, and at the same time placed in the marshal's hands for service a subpœna and an order to show cause why the prayer of the petition should not be granted. Both were made returnable on February 12th, and were served on the defendant at some unstated time on February 7th. Marshal's return was filed on February 11th. The record discloses no further steps in said involuntary proceeding.

February 7, 1910, at noon, Lachenmaier filed his voluntary petition, with schedules of debts and of property.

February 7, 1910, at 1:30 p. m., the District Judge entered an order that, "the petition of Fred Lachenmaier that he be adjudged a bankrupt having been heard and duly considered, the said Fred Lachenmaier is hereby declared and adjudged a bankrupt accordingly," and at the same time entered a further order reciting that "Fred Lachenmaier on February 7, 1910, was duly adjudged a bankrupt upon a petition filed in this court by him on February 7, 1910," and sending the case to the referee for "such further proceedings therein as are required" by the Bankruptcy Act. And it was upon the court's confirmation of proceedings before the referee under said order of reference that Lachenmaier's discharge was obtained.

[1] We have found nothing in the provisions or in the purpose of the bankruptcy act that would attribute to the involuntary proceeding, the adjudication of bankruptcy and the further steps resulting in the discharge, which were actually had in the voluntary proceeding.

[2-4] Though both proceedings aim at the same general result, there is a material difference between an involuntary and a voluntary petition. In the involuntary petition the creditors must allege, in addition to jurisdictional facts, that the defendant "is insolvent" and "has committed an act of bankruptcy" within the preceding four months. Section 3b. Of the five acts of bankruptcy defined in section 3a, the first three are fraudulent acts of the defendant, the fourth is his having made a general assignment or applied for a receiver, and

203 F.—3

the fifth is his prior written admission of his inability to pay his debts and his willingness to be adjudged a bankrupt on that ground. But the voluntary petitioner need only aver that he "owes debts" which he is unable to meet and that he desires to take the benefits of the Bankruptcy Act. Section 4a. He does not have to admit that he is "insolvent," much less that he has committed any "act of bankruptcy" within the preceding four months. If a defendant resists an involuntary proceeding, a judgment of dismissal therein is not res adjudicata of the right of the bankruptcy court to administer the defendant's estate, and is not a bar to a voluntary proceeding, which is founded on a different right. And so the mere pendency of an involuntary petition could not deprive the court of jurisdiction to receive and consider a voluntary petition. Re Flanagan, 5 Sawy. 312, Fed. Cas. No. 4,850; Re Stegar (D. C.) 113 Fed. 978.

[5] Nor can the filing of the voluntary petition be a lawful basis for entering an adjudication or taking any other step in the involuntary proceeding. Not only does the voluntary petition lack all professions of being an appearance and answer in the involuntary proceeding, but, in effect, it repudiates the material and necessary allegations of the involuntary petition.

[6] Ordinarily it is in the interest of creditors to have the adjudication entered at once upon the voluntary petition. They thereby obviate the expense, difficulty, and delay incident to establishing issues which the defendant may vigorously oppose. It is only where, by reason of the time elapsed between the filing of the involuntary petition and of the voluntary, creditors through the trustee might not be able to recover property and avoid preferences, that the court will suspend the voluntary petition or set aside proceedings based thereon, in order that the involuntary proceeding may be pushed. In such cases the bankruptcy court undoubtedly has full power to do equity. Re Dwyer (D. C.) 112 Fed. 777; Gleason v. Smith, 145 Fed. 895, 76 C. C. A. 427.

In the present case, not only did the creditors fail to move to set aside the proceedings on the voluntary petition, but it is apparent that there was no legal or equitable ground on which to bottom such a motion, for, the petitions having been filed on the same day, the creditors lost no advantage, but, on the contrary, had the benefit of an adjudication without delay or expense and of their debtor's being unable to get another discharge within six years. And, of course, the voluntary petitioner is equally bound, for he neither moved nor had cause for moving to vacate and dismiss his own proceeding.

The prior proceedings resulting in the discharge of Lachenmaier were therefore had and entered in law as well as in fact upon the voluntary petition.

The order is reversed, and the cause remanded for further proceedings in consonance herewith.