# IN RE ANDRES FERNANDEZ, Bankrupt.

San Juan, Bankruptcy, No. 120.

### VOLUNTARY AND INVOLUNTARY PETITIONS.

Bankruptcy—Insolvency.

1. The second, third, and part of the fourth acts of bankruptcy set out by § 3 of the law require insolvency at the time the act of bankruptcy is committed. This is not required under the first and fifth acts of bankruptcy. Under the fifth act of bankruptcy it is not necessary to allege insolvency at the time of committing the act of bankruptcy, but it must be alleged as existing at the time of filing the petition. Insolvency once proved is presumed to continue.

Bankruptcy—Insolvency.

2. Under the act of 1898, unlike the previous acts, insolvency exists only when the aggregate of one's property shall not, at a fair valuation, be sufficient to pay his debts. It does not now, as formerly, mean inability to pay one's debts at a particular time. The alleged bankrupt's admission of insolvency written by an attorney for the use of creditors will be construed to mean insolvency under the existing law.

Bankruptcy—Voluntary and Involuntary Petitions.

3. A bankrupt may take advantage of the bankruptcy law by voluntary proceedings, although involuntary proceedings had already been instituted; but this must be before trial and submission under the involuntary petition.

Opinion filed November 11, 1914.

*Messrs. Martinez & Besosa* for creditors.

*Messrs. Savage & Francis* for bankrupt.

In Re Fernandez.

HAMILTON, Judge, delivered the following opinion:

On July 30, 1914, creditors of Andres Fernandez of San Juan filed a petition against him of involuntary bankruptcy, representing that the "said Andres Fernandez is insolvent, and that within four months next preceding the date of this petition, the said Andres Fernandez committed an act of bankruptcy, in that, heretofore, to wit, on the 15th day of July, 1914, he admitted in writing his inability to pay his debts and his willingness to be adjudged a bankrupt on that ground, thus committing the fifth act of bankruptcy." Twenty-one days later he filed an answer admitting all allegations except that of insolvency. The case went to trial, and it was shown that the alleged bankrupt had on July 15 written to the creditors' attorneys that it was impossible to pay his debt to one of the creditors *"por encontrarme insolvente,"* and going on to agree that the creditor should obtain a declaration of bankruptcy in the Federal court.

1. The petition, dated July 30, 1914, alleges that "Fernandez is insolvent." This must be held to mean insolvent at the time of the filing of the petition. The question is raised whether it is necessary to allege and prove insolvency at the time of committing the act of bankruptcy complained of,—in this case, the fifth act of bankruptcy. It would seem that the question of insolvency comes up in different ways. The second, third, and in part the fourth acts of bankruptcy set out in § 3 require that the alleged bankrupt be insolvent at the time the act is committed. This is not required by the words of the statute under the first and fifth grounds of bankruptcy, and the fifth is the one now in question. On the other hand, subdivision b

In Re Fernandez.

of § 3 says that a petition may be filed against a person who is insolvent, that is, at the date of the petition, and who has committed an act of bankruptcy, the limitation being four months after the commission of the act. It would seem, therefore, that in any case the person proceeded against must be insolvent at the time of the filing of the petition, but that this insolvency need not have existed at the time of the committal of certain three of the five grounds of bankruptcy. Re Duplex Radiator Co. 15 Am. Bankr. Rep. 324; Acme Food Co. v. Meier, 18 Am. Bankr. Rep. 550. There may be some exceptions to this rule, but the above would seem to be the general principle. In the case at bar, therefore, it is not necessary to allege or prove insolvency at the time of committing the act of bankruptcy, that is to say, the fifth act under § 3 of the law; but it is necessary to allege and prove insolvency at the time of the filing of the petition. Petitioner claims that he has proved his allegation by the admission of the alleged bankrupt himself made a few days before the filing of the petition. There certainly has been no proof that his financial condition improved after the letter in question. A condition once proved is presumed to continue unless there is some proof to the contrary.

2. It is contended on behalf of the alleged bankrupt, that his admission of insolvency means that he could not pay his debts, and is not an admission under the definition of insolvency given by the present bankruptcy law. Section 1 (15) declares that "a person shall be deemed insolvent within the provisions of this act whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed or removed, . . . with intent to defraud, hinder or delay his creditors, shall not, at a fair valuation, be sufficient

in amount to pay his debts." [30 Stat. at L. 544, chap. 541, Comp. Stat. 1913, § 9585.] The common use of the word "insolvency" relates to inability to pay one's debts, not necessarily to having less property than debts, and the present bankruptcy act departs from the policy of previous bankruptcy acts in this respect. Collier, Bankr. pp. 8, 9. The alleged bankrupt on the stand testified that he used the word insolvent in the common, and not in the technical, sense, and he submitted a list of his property, as valued by himself, tending to show this. A large part of his assets, however, consisted of betterments of a leased place of business, now closed, but to be valued, if at all, as of a date prior to the petition. The law of Porto Rico, Civil Code, § —, gives an away-going tenant the right to remove trade fixtures, but substituting iron columns for walls is not such a trade fixture. It becomes a part of the land. It is true that it may make the premises more desirable, and hence more easily rented, but it is not satisfactorily shown that any increase of market value actually has accrued to the bankrupt or his estate. It may be doubtful also whether any such evidence is applicable to explain a formal admission of insolvency, prepared by the attorney of the alleged bankrupt and addressed to the attorney of the creditor. Ordinarily the circumstances under which letters are written can be shown so as to clear up any doubt arising in them, but the letter in question is very nearly a legal document, and the evidence is offered not so much to explain as to generate a doubt. Apart from this, however, the evidence is not at all convincing, and it would seem that, in point of fact, the alleged bankrupt was on the date of the letter in question insolvent, and has so remained.

In Re Fernandez.

3. It is shown, however, that on October 30, 1914, and therefore subsequent to the submission above, the said Andres Fernandez has filed a voluntary petition in bankruptcy in the usual form, but omitting any reference to insolvency. It is now contended that under the present bankruptcy law the subsequent voluntary petition supersedes the previous involuntary petition. There is no doubt that the "debtor has the right to avail himself of the benefits of the bankruptcy law on his own application, and this right cannot be forfeited or rendered ineffectual merely because the creditors' petition is first filed and pending undetermined when the debtor files his petition." Collier, Bankr. 10th ed. p. 766. Nevertheless, the rule would seem to be that this must be done before the involuntary petition is tried. In this case the involuntary petition was filed, answered, tried, and submitted before the voluntary petition was filed. In Re Stegar, it was held that the proper procedure is in some cases to consolidate the two applications, reserving the right of the creditors in the involuntary proceedings. 113 Fed. 978. In the case at bar, however, it would seem that the proper course is to decide the case which is first submitted. In fact, legally, upon submission, the case is out of the hands of the parties, and nothing can change it so far as they are concerned. The subsequent filing of any paper is ineffectual. It is difficult to say what function can be played by the voluntary proceeding under such circumstances.

It follows, therefore, that the petition in the involuntary proceedings must be granted, and an order will be entered adjudicating Andres Fernandez a bankrupt, and referring the matter to the referee to proceed in the usual maner. The voluntary petition in bankruptcy is denied.

It is so ordered.