## In re R. H. PENNINGTON & CO.

(District Court, W. D. Kentucky, at Owensboro. November 9, 1915.)

1. BANKRUPTCY ⬤≈16—JURISDICTION OF COURTS OF BANKRUPTCY—PRINCIPAL PLACE OF BUSINESS.

   Under Bankr. Act July 1, 1898, c. 541, § 2 (1), 30 Stat. 545 (Comp. St. 1913, § 9586), providing that courts of bankruptcy shall have jurisdiction to adjudge persons bankrupt who have had their principal business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months or the greater portion thereof, where a corporation had offices in several cities, neither its articles of incorporation nor the fact that the larger amount of its property was located in one of such cities was conclusive as to its principal place of business, and this was an open question, to be determined by the facts.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 20; Dec. Dig. ⬤≈16.]

2. BANKRUPTCY ⬤≈47—VOLUNTARY PROCEEDINGS—OBJECTIONS BY CREDITORS.

   While creditors may contest any petition in involuntary bankruptcy, no provision is made for contesting a voluntary petition.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 41, 42; Dec. Dig. ⬤≈47.]

3. BANKRUPTCY ⬤≈18—JURISDICTION OF COURTS OF BANKRUPTCY—PROPER DISTRICT FOR PROCEEDINGS.

   A corporation, whose articles of incorporation showed that its domicile and place of residence was in O., in the Western district of Kentucky, had offices in different cities. Certain creditors filed a petition in involuntary bankruptcy in Indiana, but before the return day the corporation filed a voluntary petition in the Western district of Kentucky. *Held,*

---

⬤≈For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that the mere filing of the involuntary petition did not give jurisdiction to the Indiana court, and the burden of proof was on the petitioning creditors to show to the satisfaction of the Kentucky court that the corporation's principal place of business was in Indiana, and where they failed to do this the court for the Western district of Kentucky would take jurisdiction, especially as the jurisdiction of that court, depending upon domicile or residence, was clearly established, while the location of the corporation's place of business was doubtful, and moreover it would seem that a voluntary proceeding takes precedence over an involuntary proceeding, unless the involuntary proceeding is first heard or has gone to an adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 22; Dec. Dig. ⇐18.]

In Bankruptcy. In the matter of R. H. Pennington & Co., a corporation, bankrupt. On hearing on voluntary petition, opposed by certain creditors. Adjudication granted.

Isidor Kahn, of Evansville, Ind., for petitioning creditors.

W. P. Sandidge, of Owensboro, Ky., for R. H. Pennington & Co.

EVANS, District Judge. On November 4, 1915, the petition in this case was filed by R. H. Pennington & Co. It is a corporation organized under the laws of Kentucky, and in filing its petition it acted in obedience to a resolution passed by its board of directors. Pursuant to section 539 of the Kentucky Statutes, in April, 1903, it filed articles of incorporation in the clerk's office of the Daviess county court, in one of which articles it was specified that:

"The principal office and place of business of said company should be Owensboro, Daviess county, Ky."

On the 6th its petition, in due course, was presented to us for an adjudication. Shortly afterwards on that day Mr. Kahn, of Evansville, communicated with the clerk by telephone, inquiring when the matter would be heard, and asking that it be postponed until the 9th inst., saying that he was much engaged in the trial of a case which was then in progress at Evansville, and which could not be concluded until the 8th. He was advised that the petition would be set for hearing on the morning of the 8th, unless arrangements could be made between himself for the petitioning creditors in a petition which he said had been filed in Evansville, and the counsel for the petitioner here, who lived at Owensboro, Ky. No arrangements seem to have been made between them, for the counsel of both appeared here on the 8th at the opening of the court, and it then developed, as shown by the papers then filed and the motion then made by Mr. Kahn and his associate, Mr. Anderson, in behalf of the creditors who had filed the petition at Evansville, that on the 2d an involuntary petition in bankruptcy had been filed by Harding & Fuller, the Evansville Packing Company, and the Speed Printing & Publishing Company, three creditors of R. H. Pennington & Co., in the District Court of the United States for the District of Indiana at Evansville, in which those creditors had alleged that said R. H. Pennington & Co. had committed certain acts of bankruptcy, and in which petition upon those grounds they had prayed that said corporation be adjudicated bankrupt. Thereupon the said petitioning creditors insisted that there should be no adjudication in this case here, because of the previous pendency of

their petition in involuntary bankruptcy filed in the District Court of Indiana. At the hearing it was stated by Mr. Kahn, of counsel in the latter case, in answer to our inquiry, that the return day fixed in the subpœna issued upon the petition filed in Evansville was November 12th. In this situation, and upon the issues made as stated, the testimony was heard, mainly upon the issue as to what was the principal place of business of R. H. Pennington & Co.

[1] Without undertaking to state the details of the testimony, it will suffice to say that the corporation was organized in April, 1903, and then commenced business in Owensboro, Ky., and probably in Henderson, Ky., as well. Subsequently a large part of its business was conducted in the city of Evansville, Ind.; but while the president of the corporation now lives in Evansville, its secretary lives in Owensboro, Ky., and its vice president in Henderson, Ky. Where the directors reside, or who they are, was not shown. All of the meetings of the directors and all the meetings of the stockholders have been held in Owensboro, Ky. The principal books of the corporation have been kept there, all its dividends were declared and paid there, and, although it continued business at Owensboro, it had branches in Henderson, Ky., Evansville, Ind., and also in St. Louis, Mo. It appears from the schedules filed in this court with the petition of R. H. Pennington & Co. that the larger amount of its "property" was located in Evansville, Ind., though that fact of itself is not material, except as it may or may not indicate where the "principal place of business" of the company is located. Upon all the testimony we have reached the conclusion that its principal place of business is at Owensboro, Ky. If there were any doubt upon the testimony, we should be inclined to think that the proper course would be to yield to the provisions of the articles of incorporation in determining where the corporation's principal place of business is, although the fact that such articles fix a named city as the principal place of business is not always conclusive of the question. Under the Bankruptcy Act the question should be treated as an open one, to be determined by the facts. Consequently we have heard and considered all the testimony offered, and have reached the conclusion already stated. Among the authorities examined in this connection are 1 Loveland on Bankruptcy (4th Ed.) pages 404, 405, and cases cited.

Bankr. Act, § 2 (1), empowers a District Court to adjudge any person a bankrupt who, being unable to pay his debts, has had his place of business, or has resided or had his domicile, within its territorial jurisdiction for the preceding six months or the greater portion thereof. Section 4 (a) provides that:

"Any person, except a municipal, railroad, insurance, or banking corporation, shall be entitled to the benefits of this act as a voluntary bankrupt."

Section 4 (b) provides that:

"Any natural person, except a wage earner or a person engaged chiefly in farming or the tillage of the soil, any unincorporated company, and any moneyed, business, or commercial corporation, except any municipal, railroad, insurance, or banking corporation, owing debts to the amount of one thousand dollars or over, may be adjudged an involuntary bankrupt." Comp. St. 1913, § 9588.

Section 59 (a) provides that:

"Any qualified person may file a petition to be adjudged a voluntary bankrupt." Comp. St. 1913, § 9643.

[2] While creditors may contest any petition in involuntary bankruptcy, no provision is made for contesting a petition in voluntary bankruptcy. In re Ives, 113 Fed. 911, 51 C. C. A. 541, 7 Am. Bankr. Rep. 692.

[3] Under the statutory provisions referred to the debtor filed its voluntary petition in this court, as it had the unquestionable right to do, inasmuch as it had resided and had its domicile in this district at all times since April, 1903. Whether or not the District Court for the District of Indiana had jurisdiction of the petition in involuntary bankruptcy filed on November 2d depended altogether, as we take it, upon whether the debtor's principal place of business was at Evansville, Ind. That appears to be the sole ground upon which jurisdiction of the petition filed there could be based. But the petition there was filed first, and it has been argued that the District Court there had first acquired jurisdiction by the filing there of the petition in involuntary bankruptcy. The mere filing of the petition, however, does not give jurisdiction, nor establish facts upon which jurisdiction may depend. In a contest here over the matter the burden of proof must be upon the petitioning creditors in the proceeding there to show to the satisfaction of the court that the debtor's principal place of business was in Evansville, inasmuch as the articles of incorporation, prima facie, show that the domicile and place of residence of the debtor is and has always been at Owensboro, Ky., as fixed in those articles. The creditors who are opposed to having the adjudication made in this case, and who had filed the petition in involuntary bankruptcy at Evansville, Ind., have failed to show to our satisfaction that the debtor's principal place of business, within the meaning of the Bankruptcy Act, is at Evansville. Hence we think this court has jurisdiction over the Kentucky corporation.

There is another consideration. Any debtor has the right to file a petition in voluntary bankruptcy if he is unable to pay his debts. This right has been exercised in this case, and it has been frequently decided that a voluntary proceeding by the debtor takes precedence over an involuntary proceeding, unless the latter is first heard or has gone to an adjudication. In re Waxelbaum, 98 Fed. 589, 591; In re Stegar, 113 Fed. 978; Collier on Bankruptcy (10th Ed.) page 766; In re Lachenmaier, 203 Fed. 32, 121 C. C. A. 368. See, also, the somewhat analogous case of Burdick v. Dillon, 144 Fed. 737, 75 C. C. A. 603.

The precise question before us, unlike cases heretofore decided, is in a contest between a voluntary and an involuntary proceeding, both of which are not pending in the same district, and has not, so far as we can find, been adjudicated. But we are strongly inclined to think, with Judge Brown in Re Waxelbaum, 98 Fed. 591, and Judge Jones in the Case of Stegar, 113 Fed. 978, and with the elementary authorities, such as Collier on Bankruptcy (9th Ed.) page 766, that the voluntary petition should take precedence, as there can be a prompt adjudication—relief which is also sought in the involuntary case—and

we have the assurance that certainly that jurisdiction which depends upon domicile or residence has been clearly established, while that which depends upon the location of the debtor's place of business is, to say the least, doubtful.

We have been referred also to section 32 of the Bankruptcy Act (Comp. St. 1913, § 9616), and to General Order No. 6 (89 Fed. v, 32 C. C. A. v), prescribed by the Supreme Court, and both may be important; but as we hear the case here first, and have no doubt of our jurisdiction, and as all want an adjudication, we think no action need be taken under those provisions. Upon the whole, while regretting that the burden of the administration of this estate will be imposed upon this court, instead of that in Indiana, we have concluded that it is our duty to take jurisdiction upon the two separate grounds: First, that this is a voluntary petition by the debtor, the residence and domicile of which are clearly and certainly in this district, where the question is first heard, and can be first determined; and, second, that, upon the testimony, we have found that the principal place of business of the debtor, within the proper meaning of that term, as used in the Bankruptcy Act, is Owensboro, Ky.

There will therefore be an adjudication of bankruptcy in this case.