INTERNATIONAL SILVER CO. et al. v. NEW YORK JEWELRY CO. et al.

In re NEW YORK JEWELRY CO.

(Circuit Court of Appeals, Sixth Circuit.   June 30, 1916.)

No. 2819.

1. BANKRUPTCY ⊙⇒84—PROCEEDINGS—INVOLUNTARY PETITION.
   Where an involuntary petition was filed within four months after the act of bankruptcy was committed, the petition, which alleged a preferential transfer in the language of the statute, omitting only the information necessary to enable the bankrupt to meet the charge, may, notwithstanding a subsequent adjudication in bankruptcy on a voluntary petition and the passage of more than four months since the transfer, be amended with the consent of the bankrupt so as to properly charge a preferential transfer.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129; Dec. Dig. ⊙⇒84.]

2. BANKRUPTCY ⊙⇒84—PETITION—AMENDMENT.
   That an application to amend an involuntary petition in bankruptcy was not in writing does not deprive the court of jurisdiction, where notice was waived by the express written consent of the bankrupt to the amendment.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129; Dec. Dig. ⊙⇒84.]

3. BANKRUPTCY ⊙⇒84—PETITION—AMENDMENT—VERIFICATION.
   Though an amendment to an involuntary petition in bankruptcy was not verified as required by General Order in Bankruptcy No. 11 (18 Sup. Ct. v), yet where the order allowing the amendment stated that it was made accordingly on the face of the petition, it is within the power of the court to allow subsequent verification, and the order cannot be attacked on that ground.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129; Dec. Dig. ⊙⇒84.]

4. BANKRUPTCY ⊙⇒41—PROCEEDINGS—INVOLUNTARY PETITION.
   The mere pendency of an involuntary petition in bankruptcy does not deprive the court of jurisdiction to entertain a voluntary petition and adjudicate thereunder.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig § 40; Dec. Dig. ⊙⇒41.]

---

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

233 F.—60

5. BANKRUPTCY ⬅84—PETITION—AMENDMENT—ALLOWANCE.

After creditors had filed an involuntary petition averring a preferential transfer by the bankrupt, the bankrupt, more than four months after the date of the transfer, filed an involuntary petition and was adjudicated a bankrupt thereunder. A refusal to allow the petitioning creditors to amend would defeat their rights to set aside the transfer, it having occurred more than four months before the filing of the voluntary petition. *Held* that, where the transfer was alleged in the words of the statute, and the petition was defective only in that it failed to contain information necessary to enable the bankrupt to meet the charge, an amendment to the involuntary petition, which will preserve the rights of the creditors, should, upon the case presented, have been allowed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129; Dec. Dig. ⬅84.]

6. BANKRUPTCY ⬅51—ADJUDICATION—EFFECT OF.

In such case, the adjudication under the involuntary petition need not be set aside; but the order of adjudication should be amended, so as to preserve the rights of creditors as against the alleged preferential transfer, and the proceedings may be consolidated.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 49; Dec. Dig. ⬅51.]

7. BANKRUPTCY ⬅363—CREDITORS—RIGHTS OF.

In such case, the fact that the petitioning creditors upon the adjudication on the voluntary petition filed their claims with the referee and a trustee was elected does not estop them from asserting their rights to attack the transfer.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 550–554; Dec. Dig. ⬅363.]

Petition for Revision of Proceedings of the District Court of the United States for the Western District of Tennessee, in Bankruptcy; John E. McCall, Judge.

In the matter of the bankruptcy of the New York Jewelry Company. On motion of the National City Bank of Memphis, an order granting leave to the International Silver Company and two others to amend their involuntary petition in bankruptcy was dismissed, and the petition referred to the referee and consolidated with the voluntary bankruptcy proceedings, and the petitioning creditors petition to revise. Order reversed in part, and cause remanded, with directions.

Auvergne Williams, of Memphis, Tenn., for petitioners.

W. W. Swift and Charles W. Anderson, both of Memphis, Tenn., for respondents.

Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

KNAPPEN, Circuit Judge. The New York Jewelry Company is a Tennessee corporation, lately doing business at Memphis. On November 27, 1914, the three petitioners, who are creditors of the Jewelry Company, filed in the District Court below a petition asking that the Jewelry Company be adjudged bankrupt; the act of bankruptcy charged (so far as material here) being the transfer on or about an unnamed date in August, 1914, while insolvent, of portions of its property to one or more of its creditors with intent to prefer such creditors.

The Jewelry Company demurred to the petition on the grounds, here material: (1) That the allegation charging the act of bankruptcy in question is insufficient in law, in failing to state "time, place, persons or circumstances or sufficient facts upon which to base proof of an act of bankruptcy"; and (2) that the petition fails to show the business in which the Jewelry Company is engaged, and whether such as to make it subject to the Bankruptcy Act. The demurrer amounted in legal effect to a motion to dismiss.

On March 15, 1915, after the submission of and before action on the demurrer, the Jewelry Company filed a voluntary petition, adjudication was at once made thereon and the matter referred to a referee, without notice to petitioning creditors. On April 5th following the attorneys for petitioning creditors and the bankrupt approved a draft of an order which was filed in the involuntary proceeding, allowing amendment of the petition: (a) By alleging the transfer by the Jewelry Company, while insolvent, on September 27, 1914, of certain of its assets amounting in value to more than $2,500 to the respondent National City Bank, with intent to prefer the bank as a creditor; and (b) by stating the bankrupt's business. The amendment was allowed in open court. It was not entered for the reason that the attorney of the bank notified the clerk that he objected to its entry.

On May 11, 1915, the bank filed a motion to set aside the order granting leave to amend the petition for involuntary bankruptcy and to dismiss the original petition upon the demurrer, for the reasons: (a) That no formal application for leave to amend was made, as required by General Order No. 11; (b) that the act of bankruptcy in question was not charged in the original petition, and occurred more than four months before amendment was asked for; and (c) that it was error to permit amendment after filing of the voluntary petition, the adjudication thereon and proceedings thereunder.

On June 12, 1915, the petitioning creditors moved to vacate the adjudication on the voluntary petition, alleging, among other things, that the bank received preferential payment to the extent of $6,000 within four months of the filing of the petition for involuntary bankruptcy, and with full knowledge of the Jewelry Company's insolvency; and that the interests of creditors demand that adjudication be had on the involuntary petition, because the voluntary petition was not filed within four months before the alleged preference was given. The bank answered, admitting its receipt, at its request, from the Jewelry Company on September 22, 1914, of additional collateral to the face amount of $4,200 as security for a pre-existing indebtedness of more than $5,000 from the Jewelry Company, denying, however, any knowledge of the latter's insolvency or that the security was preferential. On June 22, 1915, upon hearing of the respective petitions of the bank and the petitioning creditors, the order granting leave to amend the original petition in the involuntary proceeding was set aside, the creditors' petition of June 12th dismissed, and the cause referred to the referee (without amendment of the original involuntary petition and without adjudication thereunder), to be consolidated with the voluntary proceeding "under which petition the administration of bankrupt's estate shall proceed."

The meat of the situation is this: If the order complained of stands, and the petition in involuntary bankruptcy is finally disallowed, all opportunity to inquire into the alleged preference to the bank is forever gone, for the voluntary petition was filed more than four months after the giving of the alleged preference; on the other hand, if the amendment of the petition in involuntary bankruptcy is allowed, and adjudication is had thereunder, opportunity for such inquiry remains. It is presumable from the record that the voluntary petition was filed at the bank's instance and in its sole interest. The contest below and here was and is entirely between the petitioning creditors and the bank; the latter alone has answered and defends against the petition for revision.

The controlling questions are: (1) Whether the court had jurisdiction to permit amendment of the petition in the involuntary proceeding more than four months, after the alleged preferential transfer; and, if so (2), whether the amendment should have been allowed and the case proceeded with under that petition.

[1] We entertain no doubt on the question of jurisdiction. The court had jurisdiction of the subject-matter and of the parties. The petition alleged a preferential transfer in the language of the statute, omitting only the information necessary to enable the bankrupt to meet the charge. The bankrupt consented to the amendment, thus removing the objection of lack of notice to the one directly concerned therewith. While the act of bankruptcy occurred more than four months previous to the amendment, it was within four months of the filing of the original petition. Jurisdiction thus existed. In re Shoesmith (C. C. A. 7) 135 Fed. 684, 688, 68 C. C. A. 322; In re Plymouth Cordage Co. (C. C. A. 8) 135 Fed. 1000, 68 C. C. A. 434; Hark v. Allen (C. C. A. 3) 146 Fed. 665, 77 C. C. A. 91; In re Brown Com. Car Co. (C. C. A. 7) 227 Fed. 387, 142 C. C. A. 83; 1 Loveland on Bankruptcy (4th Ed.) pp. 419–426. The amendment showing that the alleged bankrupt was subject to the act was also within the court's jurisdiction. Armstrong v. Fernandez, 208 U. S. 324, 28 Sup. Ct. 419, 52 L. Ed. 514; Ryan v. Hendricks (C. C. A. 7) 166 Fed. 94, 92 C. C. A. 78; Dodge v. Kenwood Ice Co. (C. C. A. 8) 204 Fed. 577, 123 C. C. A. 103.

[2, 3] The fact that the application to amend was not in writing did not affect jurisdiction to act. Notice was waived by express written consent to the amendment. While the amendment does not affirmatively appear to have been verified, as required by General Order in Bankruptcy No. 11 (18 Sup. Ct. v)—the order stated that "said amendment was made accordingly on the face of the bill," meaning, of course, the petition—it was within the power of the court to permit verification later. Millan v. Exchange Bank (C. C. A. 4) 183 Fed. 753, 106 C. C. A. 327.

[4, 5] The exercise of the jurisdiction to amend was of course within the sound discretion of the court, having in mind the interests of creditors. While the mere pendency of the involuntary petition did not take away jurisdiction to entertain the voluntary petition and to adjudicate thereunder, the duty arose to choose the course for the best

interests of creditors. In many cases such interests are best subserved by adjudicating upon a voluntary petition, thus saving delay, litigation and expense in procuring an adjudication; but notice of the filing of the voluntary petition should have been given to the petitioning creditors, and opportunity thus afforded to determine the course most likely to conserve the interests of the estate. The fact, however, that adjudication was made under the voluntary petition did not preclude jurisdiction to protect the rights of creditors under the involuntary petition. The record does not make it clear whether the action of June 26th, under review, was taken upon a consideration of the merits, or because of a supposed lack of jurisdiction to grant petitioners the relief asked. If upon the merits, we think that on the record here presented discretion was improvidently exercised.

[6] But this conclusion does not necessarily require the setting aside of the adjudication already had. It is still within the power of the court to preserve the rights of creditors as against the alleged preferential transfer by amending the order of adjudication so as to make it without prejudice to the rights of creditors gained by the filing of the involuntary petition, and by permitting petitioners to have action on their petition if found necessary to protect rights which would be lost under the adjudication on the voluntary petition alone; and while it was entirely proper to consolidate the voluntary and involuntary proceedings, relief under the involuntary petition is, at the least, doubtful without the amendment asked. We cite several decisions which we think support the views we have expressed. In re Dwyer (D. C.) 112 Fed. 777 (opinion by Judge Amidon); In re Stegar (D. C.) 113 Fed. 978 (opinion by Judge Jones); In re New Chattanooga Hardware Co. (D. C.) 190 Fed. 241 (opinion by Judge Sanford); In re Lachenmaier (C. C. A. 7) 203 Fed. 32, 121 C. C. A. 368.

[7] We may add that we think it clear that petitioners are not, by the filing of their claims before the referee, or by the election of a trustee, estopped from obtaining relief.

The order appealed from will be reversed so far as it sets aside the order of amendment in question, and so far as it denies petitioners an adjudication as to the act of bankruptcy in question under the involuntary petition; and the record is remanded to the district court with directions to take such action in the premises as may appear for the best interests of the estate, not inconsistent with this opinion.