In re ANDERSON MOTOR CO.

District Court, N. D. Texas, Dallas Division. April 27, 1927.

1. Bankruptcy ⊜81(1)—Involuntary petition against two persons, "trading as X X X Company," is insufficient to warrant adjudication as partnership.

An involuntary petition in bankruptcy against two persons, designated as "trading as X X X Company," is insufficient to warrant adjudication of a partnership.

2. Bankruptcy ⊜51—Adjudication should be on subsequent voluntary petition, rather than earlier involuntary petition.

Unless some question of preservation of rights under earlier filing of involuntary petition in bankruptcy, arises, adjudication should be on a subsequent voluntary petition.

3. Bankruptcy ⊜314(1)—Attorney for petitioning creditors may be permitted to prove claim for fee on adjudication on voluntary petition.

On dismissal of involuntary petition, by which creditors have benefited, because of later filing of voluntary petition, attorney for petitioning creditors may be permitted to prove claim for fee.

In Bankruptcy. In the matter of the Anderson Motor Company, bankrupt. On motion to consolidate proceedings. Denied.

McNees & Roberts, of Dallas, Tex., for the motion.

Webster Atwell, of Dallas, Tex., opposed.

ATWELL, District Judge. Creditors filed an involuntary petition against Kelso and Anderson, "trading as the Anderson Motor Company." In the prayer it was asked that "Kelso and Anderson, trading as the Anderson Motor Company," be adjudged bankrupts. Two days thereafter Anderson, for the partnership, filed a voluntary petition for himself and for the partnership, and prayed adjudication of the partnership, his partner, Kelso, and himself. He was immediately adjudicated. Notices were served upon Kelso. Kelso denied insolvency. At this hearing he admits the insolvency of the partnership and joins in the request for its adjudication. The attorney for the petitioning creditors advises that they made a deposit with the clerk, and contracted attorney's fees, and asks for a consolidation of the cases.

[1] 1. Under the Bankruptcy Act (Comp. St. § 9585 et seq.), as well as under the decisions, a partnership is an entity. The individuals thereof may be insolvent and the partnership solvent, or the individuals may be solvent and the partnership insolvent. The wording of the involuntary petition does not justify a finding that the creditors were proceeding against the partnership. They complained against two individuals, who were trading under a common name. This is not sufficient to justify a partnership adjudication.

[2] 2. Unless some question of the preservation of a right under the earlier filing of an involuntary petition arises, there should be

an adjudication upon the subsequent voluntary petition. In re Stegar (D. C.) 113 F. 978; In re Chattanooga Hardware Co. (D. C.) 190 F. 241; In re Lachenmaier (C. C. A.) 203 F. 32; In re Pennington (D. C.) 228 F. 391; Roszell Brothers v. Continental Coal Corporation (D. C.) 235 F. 352; International Silver Co. v. New York Jewelry Co. (C. C. A.) 233 F. 949.

Practical considerations appeal to the courts. There is really no reason for going to the expense, trouble, and time for a trial upon an involuntary application, after a voluntary petition shall have appeared. Ordinarily the creditors are interested in having a quick adjudication. It is only where, by reason of the time that may have elapsed between the filing of the two that the trustee may be unable to recover property or avoid preferences, the court would stay or suspend a voluntary petition, in order that the involuntary proceedings might go forward. There is no suggestion of any such necessity here. There appears to be no reason for the consolidation of the two, even if that could be done, save that the petitioners may recover their expenses.

[3] I think the result of the first petition was an impounding of the partnership property, even though the petition was inartistically drawn and did not justify that result. That being true, all creditors benefited thereby. It seems to me that the equity of the situation calls for an overruling of the motion to consolidate, and for the dismissal of the involuntary petition, and for the granting of an order allowing the movers in the first petition to prove with the referee for $100 attorney's fees, and for their filing fees.

An order will be drawn accordingly.