In re A. C. WAGY & CO., Inc. *

VAN NORDEN v. A. C. WAGY & CO., Inc., et al. (two cases).

Circuit Court of Appeals, Ninth Circuit. October 31, 1927.

Nos. 5250, 5251.

1. Bankruptcy ⬤=39—Court can receive and consider voluntary petition, though involuntary petition be pending.

Pendency of involuntary petition in bankruptcy does not deprive court of jurisdiction to receive and consider voluntary petition.

2. Bankruptcy ⬤=51—Jurisdiction to protect creditors under earlier pending involuntary petition held not precluded by adjudication under voluntary petition.

That adjudication of bankruptcy is under voluntary petition does not preclude jurisdiction to protect creditors under the earlier pending involuntary petition.

3. Bankruptcy ⬤=51—Adjudication should be under voluntary petition, unless there arises question of preservation of rights under earlier involuntary petition.

Unless some question of preservation of rights under earlier involuntary petition arises, there should be an adjudication under subsequent voluntary proceeding.

4. Bankruptcy ⬤=51—Denial of order to show cause on petition to set aside adjudication held proper, application being for order directed only to the receivers.

There was no error in denying order to show cause on petitions to set aside adjudication in

*Rehearing denied December 5, 1927.

bankruptcy, the application being for an order directed only to the receivers, who in such proceeding were not the representatives, either of the creditors or bankrupt, parties whose presence was essential to determination of question presented by petition.

**5. Bankruptcy ⬤⟷51—Petition to vacate adjudication in voluntary proceeding may not be maintained by creditor.**

A creditor has no right to maintain petition to vacate adjudication of bankruptcy made in voluntary proceeding.

Appeals from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

In the matter of A. C. Wagy & Co., Inc., bankrupt. Robert Van Norden filed petitions to set aside adjudication of bankrupt in both the voluntary and the involuntary proceeding. From denial of orders to show cause, he appeals. Affirmed.

See, also, 20 F.(2d) 638.

In the court below A. C. Wagy & Co., Inc., a corporation, was adjudged bankrupt, in both a voluntary and an involuntary proceeding. The petition in the involuntary proceeding was filed on June 1, 1927, and on that date receivers were appointed, and on June 22 adjudication of bankruptcy was entered. The voluntary petition was filed on June 16, 1927, and on the same day the corporation was adjudged a bankrupt and the receivership was extended to said proceeding.

The appellant herein filed in the court below in each proceeding a petition to set aside the adjudication of bankruptcy and the appointment of receivers. In each case he alleged that in May, 1927, he had filed in the District Court of the United States for the Northern District of California a complaint against said corporation, praying, among other things, for the appointment of a receiver for its property; that in pursuance thereof that court on May 25, 1927, appointed receivers who duly qualified and went into possession of the assets of said corporation within that district, and that the said receivers had thereafter filed in the court below a bill praying for their appointment as ancillary receivers to take possession of said corporation's assets within the latter district; but that said petition was denied and others were appointed such ancillary receivers, and as such had qualified and entered into possession of the assets of the corporation within that district, the same persons having subsequently been appointed as receivers in the two proceedings in bankruptcy.

As ground for setting aside the adjudica-

tion of bankruptcy and the appointment of receivers in the involuntary proceeding, the appellant's petition alleged that the court was without jurisdiction, for want of service of the subpœna upon the proper officer of said corporation, and as to the voluntary proceeding the petition alleged that the resolution of directors authorizing the same was null and void, for the reason that they had not been elected or qualified as such officers.

From the denial of orders to show cause upon said petitions the appellant appeals.

Arnold C. Lackenbach, of San Francisco, Cal., for appellant.

W. T. Craig and Shaw & McDaniel, all of Los Angeles, Cal., for appellees Carnahan and Scott.

B. W. Kemper, of Los Angeles, Cal., for bankrupt.

Shaw & McDaniel, of Los Angeles, Cal., for petitioning and intervening creditors.

Kyle Z. Grainger and Clare Woolwine, both of Los Angeles, Cal., for certain intervening creditors.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1-4] The pendency of the involuntary petition did not deprive the court below of jurisdiction to receive and consider the voluntary petition, and the fact that adjudication was made under the latter did not preclude jurisdiction to protect the creditors under the former. International Silver Co. v. New York Jewelry Co. (C. C. A.) 233 F. 945. It is held that, unless some question of the preservation of the rights under the earlier involuntary petition arises, there should be an adjudication under the subsequent voluntary petition, In re Lachenmaier (C. C. A.) 203 F. 32; In re Anderson Motor Co. (D. C.) 18 F.(2d) 1001; and that as a general rule the adjudication should be made in the voluntary case "since it is quicker, less expensive, and less likely to lead to delay and unnecessary litigation." In re New Chattonooga Hardware Co. (D. C.) 190 F. 241. It results that, if the appellant failed to present to the court below ground for vacating the adjudication in the voluntary proceeding, he was entitled to no relief in that court on either of his petitions.

It remains, therefore, to inquire whether the appellant was erroneously denied the order to show cause why the adjudication on the voluntary petition should not be set aside and vacated and the receivers discharged. We think it clear that there was no error.

In the first place, the application was for an order directed only to the receivers. It seems unnecessary to cite authorities to the proposition that in the proceeding in question the receivers were not the representatives either of the creditors or of the bankrupt, parties whose presence was absolutely essential to the determination of the question presented by the petition. Notice to all parties who had appeared was indispensable. Tardy's Smith on Receivers (2d Ed.) 2106.

[5] In the second place, it is a fact decisive of the present appeals that a creditor has in no case a right to maintain a petition to vacate an adjudication of bankruptcy made in a voluntary proceeding. In re Ives (C. C. A.) 113 F. 911; In re Pennington & Co. (D. C.) 228 F. 388. In re United Grocery Co. (D. C.) 239 F. 1016; In re Ann Arbor Mach. Co. (C. C. A.) 274 F. 24.

The orders of the court below are affirmed.