## In re RODGERS–MEYERS FURNITURE CO.
### No. 2948.

District Court, N. D. Texas, Dallas Division.
Jan. 6, 1931.

Touchstone, Wight, Gormley & Price, of Dallas, Tex., for the application.

McCormick, Bromberg, Leftwich & Carrington and McNees & Roberts, all of Dallas, Tex., opposed.

ATWELL, District Judge.

On July 12th, an involuntary petition was filed against Rodgers-Meyers Furniture Company. It answered, denying insolvency and any act of bankruptcy, and demanded a jury. During the latter part of September, there was an opportunity for the trial of the cause, but the parties did not press for it, and it has been taking the usual course for the regular term, which opens January 12th. There

have been some preliminary proceedings. 43 F.(2d) 1000.

On December 31st, the alleged bankrupt filed a voluntary petition. The clerk of the court notified the attorney for the petitioning creditors, and he appeared to contest.

It is contended that an adjudication under the voluntary petition is a right which cannot be denied. On the other hand, those representing the involuntary proceedings suggest that those proceedings were begun within four months of certain alleged payments which constituted a preference, and, if there is an adjudication under the voluntary petition, their potential value for the estate will be destroyed; also that there is a rental contract that would be relieved of its burdensomeness by an adjudication under the involuntary petition.

This court held in Re Anderson Motor Company, 18 F.(2d) 1001, that as a general rule an adjudication should be made on the voluntary case, unless there is some question of the preservation of rights under the earlier involuntary petition. This holding seems to have been cited with approval in Re Wagy & Co., 22 F.(2d) 9, by the Circuit Court of Appeals for the ninth circuit. To the same effect, I think, is the holding in Re Lachenmaier (C. C. A.) 203 F. 32. The cases of Gleason v. Smith, Perkins & Co. (C. C. A.) 145 F. 895; In re Waxelbaum (D. C.) 98 F. 589; In re Levine (D. C.) 35 F.(2d) 399; In re Dwyer (D. C.) 112 F. 777; International Silver Co. v. New York Jewelry Company (C. C. A.) 233 F. 945; and In re New Chattanooga Hardware Company (D. C.) 190 F. 241, seem to support the practice.

In re Stegar (D. C.) 113 F. 978, by District Judge Jones, holds that the petitions are two different rights, and that, if an involuntary petition is pending and a voluntary petition is filed, an adjudication must be had upon the latter.

Many questions of practice are confided to the sound judicial discretion of the trial court. The cold command of the statute is that either an adjudication or a dismissal shall take place forthwith upon a voluntary application. The right of the alleged bankrupt to contest allegations that are made as to insolvency and as to alleged preferential and fraudulent acts, and to make such contests before a jury, must and does, of necessity, require time. A debtor preferring creditors and otherwise breaching the provisions of the bankruptcy law for the equality of creditors could defeat the recovery of preferences by asserting his rights to have his cause heard before a jury, and, after the expiration of the requisite four months, file a voluntary petition. Such a proceeding would not be for the best interest of the estate. It would favor the very thing that the bankrupt act was formulated to prevent.

█ When an involuntary petition is pending, and a voluntary petition follows, an adjudication should be had upon the voluntary, provided no injury will be done the estate, and provided the best interests thereof are vouchsafed.

The voluntary petition constitutes an admission "in writing [of the bankrupt's] inability to pay his debts and his willingness to be adjudged a bankrupt on that ground," section 3, Bankruptcy Act (11 USCA § 21); Hanover National Bank v. Moyses, 186 U. S. 181, 22 S. Ct. 857, 46 L. Ed. 1113; but it does not admit insolvency, unless the schedules so show, nor does it admit any preferential or fraudulent conduct such as is usually alleged in involuntary applications.

It therefore seems that it would be unjust to the vigilant creditors, who have pioneered, to adjudicate upon a much later voluntary petition which admits none of their contentions, and which would defeat them, and with reference to which they are denied their day in court. Likewise, a summary adjudication upon the involuntary petition, when the voluntary one appears, would be unjust to the bankrupt, because the bankrupt is entitled to a trial in the manner it has chosen on the issues made in the earlier petition.

█ When such a situation is presented, it would seem that the voluntary petition should be filed, notice given those interested in the prior application, and, if upon hearing reasons are shown for preferring the involuntary, the voluntary will be stayed until there is a trial thereof, and, in the interim, the court will act for the preservation of the property in such manner as to him appears appropriate and best for all concerned. That is the course ordered in this case, as to the petitions, and a receiver will be appointed for the property.