In the Matter of **TOWNSEND BUILDERS SUPPLY CO., Inc., Bankrupt.**
**No. 640.**

United States District Court
E. D. North Carolina,
Wilmington Division.
Sept. 6, 1956.

Varser, McIntyre & Henry, Lumberton, N. C., for petitioner in bankruptcy.

Powell & Powell, Powell, Lee & Lee, Whiteville, N. C., for certain creditors.

GILLIAM, District Judge.

On July 13, 1956, Townsend Builders Supply Co. Inc., filed a voluntary petition in bankruptcy; at the first meeting of creditors held on August ——, 1956, certain of the creditors filed the attached motion, which prayed the Referee to vacate the adjudication and dismiss the proceeding; the Referee overruled the motion and his order is before me upon petition of creditors, to review.

Sometime prior to the filing of the voluntary petition in bankruptcy, receivers were appointed for petitioner in the Superior Court of Columbus County and on July 27, 1956, these receivers filed in that court a report of the status and condition of affairs of petitioner. A copy of that report is attached to the motion to dismiss which was filed before, the Referee. Petitioner has answered and asks that the order of the Referee be affirmed.

The motion fails to allege sufficient ground for the relief asked, as, if all the facts alleged are taken to be true, the motion must fail. These alleged facts may be thus summarized: the petition is false and fraudulent and was filed sometime after receivership in State Court while the receivers were in process of liquidating the assets of the corporation; the petition was filed for the purpose of defrauding creditors and perpetrating a fraud on this Court; the corporation and its officers were guilty of fraudulent and criminal acts in the administration of the affairs of the corporation prior to the filing of the petition; the corporation is not insolvent.

Section 95, sub. a, Title 11 U.S.C.A., declares: "Any qualified person may file a petition to be adjudged a voluntary bankrupt," and Section 22, sub. a declares: "Any person, except a municipal, railroad, insurance, or banking corporation * * *, shall be entitled to the benefits of this title as a voluntary bankrupt." The petitioner is a "qualified person" and as such is entitled to the benefits incident to voluntary bankruptcy. There is no requirement of insolvency and the cases hold that such is not a necessary prerequisite to the filing of a voluntary petition. The cases also uniformly hold that pendency of

State Court receivership does not deprive bankrupt of the right to file a bankruptcy petition. Muffler v. Pettigrew Real Estate Co., 6 Cir., 132 F.2d 479, 481: "Under the circumstances described, there was plainly no error in the refusal to vacate the adjudication and order of reference and to dismiss the bankrupt's petition. The bankrupt was not deprived of the right to file its petition merely because its property was in the custody of the state court receiver. * * * The District Court had exclusive jurisdiction of the petition for discharge under the Bankruptcy Act and could not be deprived of that jurisdiction by the prior pendency of proceedings in any other court." This is conceded by creditors.

There is serious doubt whether creditors may contest a voluntary petition in bankruptcy at all. In re Ives, 6 Cir., 113 F. 911, 913: "Act 1898, § 18b [11 U.S.C.A. § 41], provides that in involuntary cases 'the bankrupt or any creditor may appear and plead to the petition within ten days after the return day,' thus expressly giving him the right to contest an adjudication. In voluntary cases the statute makes no such provision, and he has no such right. If he could not contest the adjudication, he had no right to petition for its vacation after it was made." Also In re R. H. Pennington & Co., D.C., 228 F. 388.

■ There is no doubt that the Court may dismiss for lack of jurisdiction and where such question is raised the Court will hear evidence and determine it, but the motion, as I read it, does not attack the adjudication because of lack of jurisdiction. The motion states: "* * * practically each and every statement made in said Bankruptcy Petition is false and fraudulent and made for the purpose of defrauding the creditors * * * and for the purpose of perpetrating a gross * * * fraud upon" the Court.

■■ Counsel for movants at a hearing on the motion admitted that this is not intended as an attack on the jurisdiction of the Court. Their point is that the petition contains false statements and that this constitutes a fraud on the Court for which the adjudication should be vacated. There is authority for the Court's power to do so in some circumstances. It does not appear in the motion but at the hearing counsel for movants stated that the alleged false statements in the voluntary petition consist of understatement of assets and a false statement that the officers had made no unauthorized withdrawal of funds during the last twelve months preceding the filing. This, they argue, amounted to a fraud on the Court. I do not think movants bring themselves within the rule, as had the petition set forth the facts as movants claim them to be the petitioner still would have been entitled to adjudication. So, though it may be that the petition contains false statements in the respects alleged, this did not amount to a fraud on the Court or its jurisdiction. These are matters to be ironed out in the bankruptcy proceeding. Likewise with respect to alleged fraudulent and criminal acts in the administration of the affairs of the corporation before the filing of the petition. Counsel for movants concede that proof of this allegation would not require the relief they ask, as this question is also one for attention in the bankruptcy proceeding, not one to be considered on the motion to dismiss it.

Therefore, I find that the Referee was right in denying the motion to vacate the adjudication and dismiss the proceeding, his order to this effect is affirmed, and the Referee will continue with the proceeding on the voluntary petition in bankruptcy and the adjudication thereon.

■ It having been made to appear to the Court that the trustee elected by the creditors at their first meeting has failed to qualify and has indicated that he will not do so, and the Court being of the opinion that provision should be made for the care and preservation of the assets of the bankrupt pending the recommendation of another trustee by the creditors, it is ordered that Frank H. Powell and J. B. Lee, Jr., both of Whiteville, N. C., be and they are hereby appointed temporary receivers to take into custody

**720**

all assets of the bankrupt and hold and keep them intact until the further order of this Court or its Referee.

The receivers are authorized to receive payments on account and issue receipts for such collections, but shall do no other act concerning the liquidation or prosecution of the bankrupt's business. The receivers are not required to give bond for the faithful performance of their duties but shall execute written acceptance of this appointment and therein obligate themselves to carry out with fidelity and according to law the duties incident to such appointment.

The creditors may recommend to the Referee a list of three disinterested persons whose appointment as trustee would meet their approval and the Referee in his discretion may appoint any one of the three so recommended, or, if he believes that it will be in the interest of all parties concerned to do so, he may appoint some other person to act as such trustee. The appointment of the new trustee shall be made not later than September 14, 1956.