## In re LEVINE.

District Court, E. D. Pennsylvania. September 26, 1929.

No. 12426.

Sporkin & Fleisher and Harry Fischer, all of Philadelphia, Pa., for creditors.

Frank Reeder, Jr., of Easton, Pa., for bankrupt.

DICKINSON, District Judge. This action presents a question of practice. The question is, we think, settled by the Wagy & Company Case (C. C. A.) reported in 22 F.(2d) 9. The facts are that an involuntary petition was filed on September 24th. Within a few hours thereafter, and on the same day, the alleged bankrupt in the involuntary petition presented his petition to be adjudged a bankrupt in a voluntary proceeding and the following day made the above motion in open court.

The cited case rules that a debtor has the right to file a petition to be adjudged a bankrupt, and that this right is not lost by the pendency of an involuntary proceeding. This presents the question of practice upon which petition the adjudication should be made. The same case establishes the propriety of the practice of entering the decree of adjudication in the voluntary proceeding "unless some question of the preservation of the rights under the earlier involuntary petition arises." This means that unless some reason for preserving the involuntary proceeding and entering the adjudication therein appears, the adjudication should be made in the voluntary proceeding.

Here no such reason appears, and as the two petitions were brought to the clerk's office almost simultaneously, no reason, such as above suggested, would seem to exist.

Leave is accordingly granted to mark the voluntary petition as filed nunc pro tunc as of the date of its presentation in the clerk's office, and the adjudication may be entered in that proceeding.