### In re DWYER.

#### (District Court, D. North Dakota, S. E. D. January 31, 1902.)

1. BANKRUPTS—INVOLUNTARY PETITION—SUBSEQUENT VOLUNTARY PETITION—EFFECT.

A person should not be adjudged a bankrupt on his voluntary petition, where an involuntary petition is pending, and administration under the voluntary petition will render preferences complained of in the involuntary petition unassailable, by reason of the expiration of the four-months limitation fixed by Bankruptcy Act, § 60.

2. SAME.

Where a bankrupt against whom an involuntary petition is pending files a voluntary petition, notice should be given the creditors filing the involuntary petition before action on the voluntary one, and such action should then be taken with respect to the two petitions as appears to be for the best interest of the estate.

In Bankruptcy.

Benton, Lovell & Holt, for bankrupt.
Newman, Spalding & Stambaugh, for creditors.

AMIDON, District Judge. This is an application to vacate and set aside a judgment whereby William J. Dwyer was, upon his voluntary petition, adjudged a bankrupt. The facts out of which the motion arises are as follows: On the 28th day of September, 1901, certain creditors of the bankrupt filed their petition herein, asking that he be adjudged a bankrupt on the ground that, while insolvent,

and with intent to prefer certain of his creditors, he made conveyances of his property, and also suffered and permitted certain creditors to obtain preferences through legal proceedings. On the 21st day of October, 1901, the bankrupt appeared and filed his answer, denying that he had committed the acts of bankruptcy complained of. While the creditors were engaged in taking testimony in support of their petition, and on the 7th day of January, 1902, the bankrupt filed his voluntary petition, in due form, asking that he be adjudged a bankrupt; and thereupon, and without notice to the creditors who had filed the involuntary petition, the court entered judgment in accordance with the prayer of the bankrupt's voluntary petition. The petitioning creditors now appear, upon notice to the attorneys for the bankrupt, and show that, if the estate is administered under the voluntary petition, the preferences of which they complain in their own petition will be rendered unassailable, by reason of the expiration of the four-months limitation fixed by section 60 of the bankruptcy act, and ask that the judgment entered upon the voluntary petition be set aside, and further proceedings thereon stayed until the involuntary proceedings are determined.

On the part of the bankrupt it is contended that he has an absolute right to file a voluntary petition at any time, and that thereupon, under subdivision "g" of section 18 of the bankruptcy act, it is the duty of the court to make the adjudication of bankruptcy immediately or dismiss the petition. On the part of the petitioning creditors it is urged that the inevitable effect of the adjudication on the voluntary petition is a dismissal of the proceeding instituted by them, and that, under subdivision "g" of section 59 of the bankruptcy act, such action cannot be taken except upon notice, and that it ought not to be taken at all, because it would result in destroying the right to set aside the preferences of which they complain, which they secured by the filing of their petition. As the case is thus presented, the question raised is one of jurisdiction. That, in fact, however, is not its character; but it is a mere matter of practice, to be disposed of as shall seem for the best interest of the estate. Under the bankruptcy act of 1867 the authorities on the subject were not entirely harmonious. In the case of In re Stewart, Fed. Cas. No. 13,419, it was held that an adjudication could not be made upon a voluntary petition during the pendency of an involuntary petition. But in the case of In re Flanagan, Fed. Cas. No. 4,850, that practice is clearly sanctioned. The consideration which should guide the court in adopting the one course or the other is the welfare of the estate. On the one hand, the bankrupt has no right to take any proceeding which will defeat a just application of his estate in accordance with the bankruptcy act. On the other hand, creditors who have filed an involuntary petition cannot properly insist that the rights of all the creditors shall be prejudiced in order that a full hearing may first be had upon their petition. The former of these alternatives is clearly presented by the present case. The creditors come before the court and make a showing which fairly indicates that, if the adjudication upon the voluntary petition is allowed to stand, a large portion, if not all,

of the property constituting the bankrupt's estate, may pass beyond the trustee's power of recovery, by the expiration of the four-months limitation. It needs no argument to show that the bankrupt cannot insist upon any action which has such a result. The other situation is pointed out in the decision in the case of In re Flanagan. It might occur, as the court there says, that liens by way of attachment or judgment would become fixed upon the property of the bankrupt, so as to be unassailable, if it was held that, in every case, before the petition of the bankrupt was acted upon, the pending involuntary petition should be disposed of; for it must be borne in mind that the result upon the involuntary petition may be a dismissal, and, if that should occur, the time for attacking preferences would have to be computed from the filing of the voluntary petition. Involuntary petitions usually charge conduct that is fraudulent, and the bankrupt, in defense of his good name, has a perfect right to resist the passing of an adjudication upon that ground. Issues of that character frequently take months for their determination, and, in case no voluntary proceeding could be instituted until their determination, it might easily occur that the estate would be seriously prejudiced by liens which by reason of the running of the statute could not be assailed. The proper practice would seem to be this: When a bankrupt against whom an involuntary petition is pending files his voluntary petition, notice should be given to the creditors filing the involuntary petition, before any adjudication is made upon the voluntary petition, and then such action should be taken as the hearing shows to be for the best interest of the estate. In any case the voluntary petition should be received and filed. That, under section 60 of the bankruptcy act, would stop the running of the four-months limitation, in case the proceedings on the involuntary petition should finally be decided in favor of the bankrupt.

It follows that the application to set aside the adjudication in bankruptcy herein upon the voluntary petition must be granted, but the petition will remain on file, and further proceedings thereon will be stayed until the involuntary petition is disposed of.