## In re E. H. WALSH, Inc.

(Circuit Court of Appeals, Second Circuit. October 9, 1923.)

No. 169.

Bankruptcy ⬤⟳114(1)—Appointment of receivers warranted only where "absolutely necessary" for preservation of estate.

Courts of bankruptcy are not authorized to appoint receivers as matter of course, but, under Bankruptcy Act, § 2 (Comp. St. § 9586), only when "absolutely necessary, for the preservation of estates" and it is error to appoint receivers where it appears that the property is already in the custody of receivers appointed by a state court who, so far as shown, are acting for its preservation.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of E. H. Walsh, Inc., alleged bankrupt. On petition by·the bankrupt and others to revise the order of the District Court. Reversed.

Ernest E. L. Hammer, of New York City, for receivers.

James H. Coggin,, of New York City (Martin Conboy, of Riverdale on Hudson, N. Y., of counsel), for alleged bankrupt.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Louis Winer, of New York City (Jacob J. Lesser, of New York City, of counsel), for respondent.

Rosenberg & Ball, of New York City (Wilbur L. Ball, of New York City, of counsel, and James N. Rosenberg and Godfrey Goldmark, both of New York City, on the brief), for Eberhard Faber.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

ROGERS, Circuit Judge. It appears that on August 22, 1923, the alleged bankrupt applied to the Supreme Court of the state of New York for the appointment of a receiver, and on that day that court appointed Edward H. Huber and Frederick W. Schanning receivers, and they were put in charge of the property of the alleged bankrupt. Thereafter, and on September 14, 1923, a petition in bankruptcy was filed in the United States District Court for the Southern District of New York against the alleged bankrupt. It alleged as acts of bankruptcy that the alleged bankrupt, being insolvent, had applied in the state court for the appointment of a receiver, and that because of insolvency the Supreme Court of the state of New York had on August 22, 1923, appointed receivers as aforesaid and put them in charge of the property.

Notice that this application was to be made in the United States District Court for the appointment of a receiver was served on the petitioners herein, and they appeared in the District Court on the day fixed for the hearing and opposed the motion, on the ground that no appointment of a receiver by that court was absolutely necessary for the preservation of the estate, in view of the fact that the property was then in the hands of receivers appointed by the Supreme Court of the state. The creditors' committee, who, with others, thus opposed the appointment of receivers in the District Court, represented claims aggregating $40,000 and upwards. In addition, that committee held powers of attorney from 200 creditors and upwards, whose claims aggregated over $100,000 out of total accounts payable of approximately $136,000 and notes payable of approximately $26,000. It also appears that the United States District Court made and entered its order on September 21, 1923, and appointed Edward B. Huber and John B. Johnston as temporary receivers of the alleged bankrupt. Thereafter this petition to review the order made in the District Court was filed.

Bankruptcy Act 1898, c. 541, § 2, 30 Stat. 545 (Comp. St. § 9586), invests courts of bankruptcy with jurisdiction to "appoint receivers or the marshals, upon application of parties in interest, in case the courts shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified." The court's jurisdiction to appoint receivers under the statute is thus confined to cases where the court "shall find it absolutely necessary for the preservation of the estates." In the case of In re Spalding, which came before this court in May, 1905, and which has not been reported, this court said:

"The fundamental error in the argument for the receiver and of the learned court below seems to be that both regard it as proper that a receiver should be appointed, practically as a matter of course, in every case where a petition

in bankruptcy is filed. That is not the law, and it is not good sense. The court has jurisdiction under the statute to appoint receivers only when it shall find it absolutely necessary for the preservation of estates. The petition upon which this receivership was granted not only fails to show that it was absolutely necessary, but shows affirmatively that it was absolutely unnecessary, as it shows the property to have been in the custody of a receiver appointed by the Supreme Court of the state of New York, and there is nothing in the record to show that the state court receiver is not an entirely proper and competent person to preserve the assets. What could the federal receiver do under such circumstances? He has not title to any property. He is a mere custodian. He could not take the assets from the state court receiver. The bankruptcy court could not make any such order, and the assets could only be taken from the state court receiver by an application to the state court itself. Furthermore, this appointment of receivers as of course is a great injustice to the bankrupt, in the event that the petition is not followed by adjudication; and it is wasteful and an unnecesasry expense to the estate in the event that there is an adjudication.

"The papers on this application are wholly inadequate. The order is reversed, with instructions to vacate the receivership."

The above extract was quoted approvingly by this court in Re Oakland Lumber Co., 174 Fed. 634, 637, 98 C. C. A. 388. The power to appoint receivers is one to be exercised, not as a matter of course, but only upon proof that the appointment "is absolutely necessary." And, as we think the receivers herein were inadvertently appointed, their appointment not appearing as absolutely necessary for the preservation of the estate, the order is reversed, without costs.