500

In re GOCHENOUR et al.

BROADWAY AND TWENTIETH PROPER-
TIES, Inc., v. PARAMOUNT PUBLIX
CORPORATION.

In re PARAMOUNT PUBLIX CORPORA-
TION.

Circuit Court of Appeals, Second Circuit.
April 17, 1933.

Root, Clark & Buckner, of New York City (Grenville Clark, John M. Harlan, and Samuel S. Isseks, all of New York City, of counsel), for temporary receivers in equity of Paramount Publix Corporation.

Donovan & Raichle, of New York City (Bethuel M. Webster, Jr., of New York City, of counsel), for Broadway and Twentieth Properties, Inc., complainant in equity proceeding.

Rosenberg, Goldmark & Colin, of New York City, for bankrupt.

House, Holthusen & McCloskey, of New York City, for petitioners.

Samuel Zirn, of New York City, for intervening petitioners.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

There is no appeal pending from any order or decree of the court below, but the petitioners apply for a writ of mandamus and/or prohibition and/or certiorari to stay a District Judge because it is said he has exceeded his jurisdiction and intends to further do so.

In March, 1932, the Paramount Publix Corporation made transfers claimed to be fraudulent or preferential, and again, on November 17, 1932, it was said to have transferred to a corporation, which it then organized, properties with fraudulent intent to defeat creditors, or as preferential amongst its creditors. On January 26, 1933, three creditors of the corporation filed a petition in involuntary bankruptcy against the corporation alleging insolvency and the granting of preferences. The petitioners did not ask for a receiver. Later the same day an unsecured creditor filed a bill in equity against the corporation, and, upon the bill and an answer filed by the corporation admitting the allegations of the bill and joining in the prayer for relief, receivers in equity were appointed. Full disclosure of the pending involuntary proceeding in bankruptcy was made known to the court when the temporary equity receivers were appointed. On February 9, 1933, the corporation filed an answer to the involuntary petition denying acts of bankruptcy, insolvency, and preferences. On February 18, 1933, the Relmar Holding Corporation, one of the petitioners, and Nathan, another, obtained leave to intervene in the involuntary proceeding.

On March 14, 1933, the corporation obtained leave to file a voluntary petition in bankruptcy, alleging inability to pay debts. An adjudication was had thereon, and the trustee in bankruptcy was about to be elected in the voluntary proceeding, when the petitioners in these applications for writs sought to halt the voluntary proceeding until there be an adjudication in bankruptcy or a dismissal of the involuntary proceeding. They also ask that the equity receivership be vacated and set aside. Motions for the discharge of the receivers are pending but undecided in the District Court.

There is ample authority for holding that voluntary proceedings begun after the involuntary proceedings in bankruptcy may

proceed, saving all rights the involuntary petitioners may disclose, and leaving the District Court free to require the procedure best adapted to preserve the rights of all the creditors. In re Wagy & Co., 22 F.(2d) 9 (C. C. A. 9); International Silver Co. v. N. Y. Jewelry Co., 233 F. 945 (C. C. A. 6); In re Lachenmaier, 203 F. 32 (C. C. A. 7); In re Anderson Motor Co. (D. C.) 18 F. (2d) 1001; In re New Chattanooga Hardware Co. (D. C.) 190 F. 241; In re Stegar (D. C.) 113 F. 978; In re Dwyer (D. C.) 112 F. 777. The fact that the issues raised by the involuntary petition, if resolved in the petitioners' favor and if the stay of the election of the trustee be granted in the voluntary petition, might place the petitioners in a better position to elect a trustee, is an insufficient reason for doing so. It is no ground for intervention or to override or stay the lower court's exercise of discretion in proceeding with the impending election of the trustee in the voluntary proceeding.

The equity receivership is attacked as improperly encroaching on both the bankruptcy court's and the state court's jurisdictions. Equity receivers were appointed with full knowledge that the involuntary petition had been filed. The propriety of this practice is open to question, but we need not stop here to consider it, because a voluntary petition was filed immediately and an adjudication obtained. The rule asserting exclusive jurisdiction of a court of bankruptcy has been frequently recognized. Isaacs v. Hobbs Tie Co., 282 U. S. 735, 51 S. Ct. 270, 75 L. Ed. 645. The Bankruptcy Act (section 2 [11 USCA § 11]), permits the appointment of a bankruptcy receiver when "absolutely necessary." In re E. H. Walsh, Inc., 295 F. 504 (C. C. A. 2). If an equity receiver be appointed, adopting his service as a means to avoid the requirements of the Bankruptcy Act may be sanctioned. Notwithstanding the filing of a petition in bankruptcy, when no application for the appointment of a bankruptcy receiver is made, the court will permit an assignee for the benefit of creditors or an equity receiver appointed prior to the filing of the petition (the involuntary petition) to continue the bankrupt's business. In re E. H. Walsh, Inc., 295 F. 504 (C. C. A. 2); In re Oakland Lumber Co., 174 F. 634 (C. C. A. 2).

A writ of mandamus, prohibition, or certiorari should not be granted here. The petitioners may appeal if necessary from orders denying pending motions to vacate the receivership, if they are so advised. Unless it is clearly beyond the court's jurisdiction to have continued the equity receivers in possession of the property pending the election of the trustee, writs should not issue. In a conflict of jurisdiction, bankruptcy is paramount and will prevail, and the bankruptcy receiver will likewise prevail over an equity receiver. In re Wagy & Co., 20 F. (2d) 638 (C. C. A. 9). But here no bankruptcy receiver was appointed nor sought in either the involuntary or voluntary petition. The equity receivers are asserting no rights adverse to bankruptcy jurisdiction. Bankruptcy jurisdiction, paramount though it be, is not so exclusive that the appointed equity receivers, who are now in possession of the property aiding the bankruptcy court, may be held to be doing so unlawfully. Where receivership precedes bankruptcy, the courts have shown a willingness to permit the receivership to continue to aid the administration of the estate. In re Hudson Elec. Co. (D. C.) 173 F. 934; In re Ellsworth Co. (D. C.) 173 F. 699; Woolford v. Diamond Co. (D. C.) 138 F. 582. Permitting such receivers to continue seems from this record to be for the good of the estate.

At the time the receivers were appointed, various suits were pending in the state court. The petitioner Relmar Holding Company was denied the appointment of a receiver in one suit; petitioner Nathan sued but did not ask for a temporary receiver; nor did petitioners Goodman and Sumal Operating Corporation. It is stated that there are five state court suits. The present status of these suits does not appear in the moving papers. On March 29, 1933, a motion to vacate the receivership in equity was heard but remains undecided. It is possible that the prior jurisdiction of the state court, if such it be, will be found on that consideration. Without knowledge as to the present status of the state court suits, it is impossible to apply the rule in Christian v. R. Hoe & Co., 63 F.(2d) 221 (C. C. A. 2). Nor are the prior suits in equity in the Southern district of New York sufficient to require the granting of this motion.

An order will therefore be entered denying the application for a writ of prohibition and/or mandamus and/or certiorari. What we say here we intend to be without prejudice to the rights of the petitioners or others to urge the invalidity of the receivership because of prior state actions or for other reasons advanced in the court below.

Motion denied.