204

In re UTILITIES POWER & LIGHT
CORPORATION.
No. 64605.

District Court, N. D. Illinois, E. D.
Jan. 21, 1937.

Roy D. Keehn, of Chicago, Ill., for Harley L. Clarke, intervener.

D. K. Jones, of Chicago, Ill., for petitioning creditors.

Ross & Watts, of Chicago, Ill., for Associated Investing Corporation.

Brown, Fox & Blumberg, of Chicago, Ill., for Atlas Corporation.

Dwight H. Green and Brewer, Smith & Farrell, all of Chicago, Ill., for debtor.

HOLLY, District Judge.

On the 24th day of September, 1936, U. J. Herrman, Alfred W. Leland, Clara G. Trimble, and Renilde Pauline Berg filed their petition in the Western Division of this District against Utilities Power & Light Corporation, alleging that they were creditors of Utilities Power & Light Corporation having probable claims against it, in excess of the value of securities held by them, which amounted in the aggregate to $8,500; that the said debtor was a corporation which could become a bankrupt under section 4 of the Bankruptcy Act, 11 U.S.C.A. § 22, and which might file a petition under section 77A and section 77B (as amended) of the said act (11 U.S.C.A. §§ 206, 207); that during the six months preceding the filing of said petition the debtor had its principal place of business at Chicago, Ill., and during said period the principal assets of the debtor were located within the territorial jurisdiction of the United States District Court for the Northern District of Illinois; that the nature of the business of the debtor is the ownership of equities in various operating and holding companies principally engaged in the public utility business and the management and supervision of public utility operating companies; that the debtor was insolvent; and that within the period of four months immediately preceding the filing of the petition committed an act of bankruptcy in that on or about August 1, 1936, while insolvent, it transferred certain of its properties with the intent to prefer certain of its creditors, and that said creditors proposed it should effect a reorganization. The petition also contained various charges of mismanagement of the corporation by its officers and directors. A copy of the petition was duly served upon the debtor and it filed its answer denying that it was insolvent or unable to meet its debts as they matured, and denied that it transferred any of its assets with the intent to prefer any of its credi-

tors; it further denied that the petition was filed in good faith and denied that the petitioners intended or proposed that the corporation should affect a reorganization under or pursuant to section 77B of the Bankruptcy Act, as amended.

Thereafter the case was transferred from the Western to the Eastern Division of this District.

On the 4th day of January, 1937, petitioner moved for leave to amend its answer by striking paragraph 17 which contained the denial of the allegation that it was unable to meet its debts as they matured, and by substituting therefor another paragraph, the same in substance as the original except that it omitted the denial of the allegation of its inability to pay its debts as they matured. Leave to amend was granted.

On the same day, the debtor filed in this cause its own petition in which it averred that it was a corporation which could become a bankrupt under section 4 of the Bankruptcy Act; that during the six months immediately preceding the filing of said petition the debtor had its principal place of business and principal assets in the city of Chicago and state of Illinois, within the territorial jurisdiction of this court; that it was engaged in the business of a public utility holding company, owning and holding, among other securities, all, or a majority of, or substantial interest in, the voting stock of companies manufacturing and selling electric energy and/or gas to the public in the various states of the United States, or of companies which themselves are public utility holding companies, engaged in a business similar to that of the debtor, a description of the assets of the debtor being attached to the petition as an exhibit. The petition also set forth the filing of the aforesaid petition by the creditors and that said cause was still pending and undisposed of; that the debtor had put in controversy substantially all of the material allegations in said creditors' petition; that the debtor was unable to meet its debts as they matured; and that it is both desirable and necessary that the debtor be reorganized under section 77B of the Bankruptcy Act, as amended; that there is imminent danger that creditors will bring suit against it and will levy execution upon its property and greatly interfere with, and ultimately prevent the operation of its business unless the debtor can obtain relief under section 77B of the Bankruptcy Act, as amended; and that it desires to affect a plan of reorganization. Petitioner prayed that its petition might be approved and that it might temporarily be continued in possession of its estate and authorized to operate its business.

The creditors who filed the original petition in September last have moved to have the petition filed by them approved, to strike the petition of the debtor filed herein, and, in the alternative, if the petition filed by the creditors is not approved, that it be dismissed.

■ The court cannot now approve the petition of the creditors. It contains allegations that the debtor is insolvent and has committed an act of bankruptcy. These charges are vigorously denied by the debtor and the court may not approve the petition of the creditors without giving the debtor the opportunity to be heard upon these charges.

■ On the motion to strike the petition of the debtor, it is urged that section 77B, as amended, does not authorize the filing of a petition by the debtor in a proceeding instituted under that section by creditors. In paragraph (a) of that section, 11 U.S.C.A. § 207(a), it is provided that "any corporation which could become a bankrupt under section 4 of this Act [section 22 of this title], * * * may file an original petition * * * or in any proceeding pending in bankruptcy, whether filed before or after this section becomes effective * * * and whether or not the corporation has been adjudicated a bankrupt, a petition stating * * * that it desires to effect a plan of reorganization." Counsel for the petitioning creditors argue that the provision authorizing the filing of such a petition in "any proceeding pending in bankruptcy" means only a proceeding filed under the other provisions of the act, a proceeding under the act as it stood before the enactment of section 77B. I cannot agree with this contention. The pending proceeding can be nothing other than a proceeding in bankruptcy. It is not an action at law or in equity. It is a "proceeding" and a proceeding under section 77B which is a part of the Bankruptcy Act. The Supreme Court in an opinion handed down the 4th day of this month, Schwartz v. Irving Trust Company, trustee, 57 S.Ct. 303, 81 L.Ed. 348, has declared that proceedings under this section are "proceedings in bankruptcy."

206

As a matter of convenience, if a petition of a debtor is to be filed at a time when a petition of creditors is pending, it should be filed in that proceeding. And that the debtor may file, although a petition of creditors has been previously filed, is well settled. Humphrey v. Bankers Mortgage Co. (C.C.A.) 79 F.(2d) 345; Hamilton Gas Co. v. Watters (C.C.A.) 75 F.(2d) 176;. In re Gochenour et al. (C.C.A.) 64 F.(2d) 500. In such case the court will ordinarily proceed upon the debtor's petition. In re Stegar (D.C.) 113 F. 978; In re New Chattanooga Hardware Co. (D.C.) 190 F. 241; Humphrey v. Bankers Mortgage Co., supra; In re Gochenour, supra. The motion to strike the petition of the debtor will be denied.

The creditors further move in the alternative that their petition be dismissed. In the present state of the proceeding, this motion should be denied. I can see no reason for the dismissal of the creditors' petition other than the theory that if the creditors' petition is dismissed, the whole proceeding falls. Such a result should not be permitted. Further, under the provisions of section 59g (11 U.S.C.A. § 95(g) a petition may not be dismissed by the petitioners until a list of creditors, under oath, has been filed and notice given to all creditors. In paragraph (c) of section 77B (11 U.S.C.A. § 207(c), it is provided that the court shall "cause reasonable notice * * * of all hearings for the consideration * * * of the dismissal of the proceedings * * * to be given creditors and stockholders by publication or otherwise." No notice of the motion to dismiss has been given, and the order of dismissal for that reason, if no other, should not be entered.